UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) CAUSE NO. 4:26-MJ-00007-VTW-1
) New Albany, Indiana
GERALD EDDIE BROWN, JR., ) February 26, 2026
)
Defendant. )

Before the
HONORABLE VAN T. WILLIS, MAGISTRATE JUDGE

Transcript of:

INITIAL APPEARANCE

*(via electronic sound recording)*

FOR THE PLAINTIFF: Mr. Matthew Rinka
(via telephone) UNITED STATES ATTORNEY'S OFFICE
135 North Pennsylvania Street
Suite 2100
Indianapolis, Indiana 46204
matthew.rinka@usdoj.gov

FOR THE DEFENDANT: Mr. Patrick J. Renn
ATTORNEY AT LAW
600 West Main Street
Suite 100
Louisville, Kentucky 40202
prenn@600westmain.com

COURT REPORTER: jodie_franzen@insd.uscourts.gov

*(In open court)*

THE COURT: All right. We are here this morning on the case of the United States of America vs. Gerald Eddie Brown, Jr. Our cause number is 42:6-mj-7-VTW. The charging cause number is 12:6-mj-40.

My understanding is I have got Mr. Rinka and another attorney from the District of Columbia on the phone; is that correct?

MR. RINKA: Yes, it is, Your Honor. Good morning, Matthew Rinka on behalf of the United States this morning. For the Court's awareness, I actually have two attorneys on the line with me this morning. We have Mr. Sean Heiden, who is the Acting Deputy Chief of the Counterintelligence and Export Control Section of the National Security Division of the Department of Justice in Washington. We are also joined this morning by Mr. Bill Barnes who is a trial attorney also with the Counterintelligence and Export Control Section of the National Security Division of the U.S. Department of Justice in Washington.

Judge, the reason these two gentlemen are joining me the morning is they are the principal two prosecutors on the underlying case out of Washington which the criminal complaint and arrest warrant were issued. I'll be handling the hearing this morning for the Government, as per protocol, but these two gentlemen are just listening in because it's their case and

it's based out of Washington, so we're all happy to be here this morning, Judge.

THE COURT: Good morning, gentlemen.

And here in person, on behalf of Mr. Brown, we have got Mr. Renn. Good morning.

All right, Mr. Brown, if you could, please raise your right hand the best you can.

(*Defendant sworn*)

THE COURT: Mr. Brown, do you have any type of physical or mental conditions that affect your ability to understand what we're doing here today?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Yes you do, or no you don't?

THE DEFENDANT: (No audio).

THE COURT: Okay, you do understand what we're doing here today?

THE DEFENDANT: Yes, Your Honor.

MR. RENN: He did tell me that he has some significant health issues, Your Honor, so I did let him know we're not asking that question. Does he understand the procedure here today? And he does.

THE COURT: All right, as long as we're on the same page here.

All right, Mr. Brown, you have been charged by way of a complaint that is filed in the District of Columbia with

violations of laws of the United States, particularly a violation of Title 18, U.S.C., Section 371, which is conspiracy to commit offense or to defraud the United States, and with the violation of Title 22, U.S.C., Section 2778, which is control of arms exports and imports.

Mr. Renn, do you wish to have a formal reading of the complaint here today?

MR. RENN: Are we gonna have lunch today, Your Honor?

THE COURT: Well, given it's 48 pages, I would greatly appreciate it if you would waive reading of the complaint.

MR. RENN: I thought you might be willing to do that, Your Honor, and we will as well, Your Honor. We do have a copy of the criminal complaint. Mr. Rinka did provide me with a copy this morning. I have given a copy to Major Brown. He has not read through it completely, but if the Court will let us, I will have him go back with this copy. He can take it with him, if that's okay.

THE COURT: All right. We show that it's waived.

MR. RENN: We waive formal reading.

THE COURT: We waive formal reading for the purposes of the hearing today.

One of the things I'm required to do, Mr. Brown, is read to you what the potential penalties are for the charges that have been brought against you. Under Count 1, it's

alleged that you violated Title 18, U.S.C., Section 371. Again, that's conspiracy to commit offense or to defraud the United States. That carries a potential penalty of imprisonment of up to but not more than five years, it carries a fine of up to $250,000, and a supervised release period of up to three years.

Count 2 that was brought against you alleges a violation of Title 22, U.S.C., Section 2778, which, again, is control of arms exports and imports. That carries a potential term of imprisonment of up to but not more than 20 years, a fine of up to but not more than $1 million, and a supervised release period of up to three years.

I need to advise you further, Mr. Brown, you are not required to make any statement at this time or any other time while you are in custody, but any statements that you do make, whether they're oral or in writing, can be used against you. You are entitled to be represented by an attorney during any questioning by the authorities and any lineup of all court proceedings, including this one. You may consult with an attorney before questioning may occur at any proceeding. If you are unable to obtain counsel or afford counsel, counsel would be appointed for you. And for the purposes of the hearing today, I am appointing Mr. Renn to be your attorney and to represent you.

I guess before we address the potential identity

hearings, preliminary hearings, and so forth, Mr. Rinka, is this case one that is going to be transferred back to the District of Columbia for handling, to the best of your knowledge?

MR. RINKA: It certainly is, Judge.

THE COURT: Okay. Mr. Renn, is that your understanding, that this case is going to be transferred back to the District of Columbia?

MR. RENN: I would assume that is the case, Your Honor. And under Rule 20, even if we did want the case to stay here in this District, the U.S. attorney for this District, as well as District of Columbia, would have to agree, so it sounds like they're not going to agree.

THE COURT: I doubt they will agree, but I'm required to ask.

MR. RENN: It's pretty down here this time of year, though.

THE COURT: Yes.

What that means, Mr. Brown, is you have a right to an identity hearing to determine whether or not you are the person that is named in the actual charges. You are also entitled to have a preliminary hearing on the charges in the complaint to determine whether or not there is probable cause to believe that you committed the offenses that you have been charged with, and there is a -- I assume the Government will likely be

seeking detention, and there is a detention hearing that will be required to occur.

MR. RENN: I'm gonna object to any detention hearing, Your Honor, unless the United States can give a good reason why they're entitled to a hearing.

THE COURT: You want to have a detention hearing here if they ask for it, or you're talking -- I'm talking --

MR. RENN: They're not entitled to a detention hearing unless they come up with a good reason. This isn't a presumption case, this isn't a case that would have a detention hearing, unless there is a serious risk that he will flee or a serious risk that he would threaten/injure a potential witness or juror.

THE COURT: And I understand what the law is, but my question is: Are all of those matters going to be handled in the District of Columbia, or do you expect any of those matters to be handled here?

MR. RENN: He is in custody right now on a warrant and is in jail.

THE COURT: Yes, sir.

MR. RENN: He deserves to be out under the Bail Reform statute. It says that he shall be released, unless. The United States is the one that has got the burden in this case to at least explain how it is or why it is that they're entitled to a detention hearing at all.

THE COURT: Mr. Rinka, would you like to address that?

MR. RINKA: Judge, with all due respect to Mr. Renn, I think that the statute is very clear, Title 18 of the U.S. Code, Section 3142. That governs squarely in this case. The Government is asking the Court to detain Mr. Brown pretrial without bond in this matter. We are moving orally this morning to have him detained. We are asking for a detention hearing, if Mr. Brown is going to want one. We are also asking for our three-day statutory continuance to allow us to assemble the necessary agents and evidence we would present at such hearing, all of which is governed squarely in black letter law by the statute that I just cited, so I would -- if the Court wants me to, I could lay out the factors and the provisions under subsection F that I believe are governing here.

I would also just alert the Court that the Government fully intends to file a written motion to detain setting forth all of the factors which we believe weigh on this decision. We expect to file that written motion later today or tomorrow so that the Court has the time to digest it prior to the hearing, which, as I read the statute, would be, at the earliest, next Tuesday. So if the Court wants me to lay out the specific reasons why we're asking for the detention, I'm happy to do so, but I don't want to blather on and waste the Court's time either.

MR. RENN: Well, they filed a 48-page complaint. You've got that. You would think that anybody -- if they're gonna arrest somebody and ask that they be detained, whether it's for a few hours or a few days, they would make sure that they had the written motions, or at least, B, the Court would have an idea why it is that they're asking for a detention. So if Mr. Rinka or the gentlemen there in Washington would give the appropriate statute, not just 3142(f), but which subsection of that 3142(f) they're going under, that would be appreciated.

THE COURT: Well, Mr. Brown is going to be detained until we have a detention hearing.

MR. RENN: You can't.

THE COURT: Well, I can, and I just did. Okay? So he is going to be detained until we have a hearing.

MR. RENN: On what grounds, Your Honor?

THE COURT: On the grounds that was stated by Mr. Rinka.

MR. RENN: He didn't give any grounds. All he said was subsection F of 3142. What are the grounds? What subsection is he asking?

THE COURT: Mr. Rinka, I would appreciate it if you would file a written motion for detention. Mr. Brown is going to be detained until we have the written motion. We're gonna have a hearing on that next Tuesday. What time would you be available, Mr. Rinka?

MR. RENN: Your Honor, that scheduling -- you said the earliest would be next Tuesday. The earliest would be today. If the Government doesn't want to have the hearing today, and they're entitled to three days, not including the weekend, so Tuesday wouldn't be the earliest date, that would be the latest date.

THE COURT: Mr. Rinka, when can you be available for a detention hearing?

MR. RENN: Tuesday, Judge. We'll have to arrange to have witnesses come in from a couple different locations, at least New York and Washington at a minimum, so the Government is asking for its three days to prepare and, like I say, to have our witnesses travel in and get ready.

THE COURT: All right, Mr. Renn, there is two ways we can do this: One, we can keep Mr. Brown and let him be transferred to the District of Columbia where the detention hearing will be handled there; number two, he will be kept in custody until we have a detention hearing here. That's what is current in my practice for 11 years here. I understand your argument, but the decision is he is gonna be detained, and we can have a detention hearing either in the District of Columbia, once he is transferred there, which it appears he is gonna be transferred to that District to handle this case, or we can have a hearing early next week to determine whether he is gonna be detained, but I anticipate once he gets transferred

to the District of Columbia, there is gonna be another detention hearing up there, so...

MR. RENN: He wouldn't get two detention hearings. He'll get one, and then he can ask the District Court, assuming he has it here, for review, but he's not gonna get two hearings, unless as per habeas corpus by the judge in this hearing in this District --

THE COURT: Do you want to have a hearing next week, or do you want to let it be transferred to D.C.? That's the question to you.

MR. RENN: I'm objecting to having --

THE COURT: I understand you are objecting. It's on the record. Your question is, and the answer that I need is, do you want the hearing in D.C., or do you want it next Tuesday?

MR. RENN: Is the hearing in D.C. gonna be on Tuesday?

THE COURT: I can't tell the people in D.C. when they're gonna have the hearing.

MR. RENN: Well, you've got two people on here. They can certainly say if they can get them up there --

THE COURT: Mr. Rinka, can you get one of the gentlemen to determine whether they can have a hearing in D.C. on Tuesday?

MR. RINKA: Judge, I think the predicament that is

gonna be the -- in order to have the hearing in D.C., we need to have Mr. Brown in D.C., and that is going to be entirely dependent on the marshal's schedule, which none of us control. Mr. Brown will be taken into custody by the marshals. If he elects to have the detention hearing in D.C., he will be transferred by normal marshal's protocols to D.C., and once he arrives in D.C., the magistrate judge will look at his calendar and determine what time, what place the appropriate hearings will be scheduled. I don't think anybody on this call can determine with any specificity when the detention hearing would be in D.C., but I would hope it would be as soon as humanly possible to get Mr. Brown out to D.C., but the marshals control that transport process. But that's, I think, the best and most clear, honest answer I can give you right now.

THE COURT: Okay. Mr. Renn is discussing it with his client right now. We'll give him a moment.

MR. RINKA: Thank you, Judge.

MR. RENN: You put us in a really bad spot because (no audio) but by the same token, based on the Court's ruling here today, I think (no audio).

THE COURT: We've got it all on record, Mr. Renn.

Mr. Brown, you are going to be detained. You are going to be transferred to the District of Columbia. All of the hearings that you are entitled to will be taking place in the District of Columbia as soon as they can get the case

settled up there and scheduled for a hearing.

Anything else, Mr. Rinka, that you want to have on the record here today?

MR. RINKA: No, Judge. But I would just say if the Court wants me to, I can go through a couple of the items of interest that -- in addition to what's been gathered during the investigation, items of interest including the fake passport, fake currency, and a badge from a defense contractor that was supposed to be turned in by Mr. Brown when he left their employment and was not turned in, all of which were found during the searches conducted by the FBI earlier this week, but it would also go to issues of Mr. Brown's risk of flight, which we believe are probably some of the most -- some of the highest risks we have seen in quite some time, at least in this District for national security cases, so -- but I can go through the rest of the litany if the Court wants for the record to substantiate the rulings, but other than that, we have nothing further.

My understanding is Mr. Brown has waived his detention hearing, his identity hearing in this District, and he has elected to have all of those hearings take place in the District of Columbia. I'm just reciting that because Mr. Renn's recitation to the Court was not very clear. I don't know if he does not have his microphone on or what, but I just wanted to make sure we're clear.

THE COURT: The Court here does not need any additional information. All of that is going to be handled by the Court up in the District of Columbia.

Mr. Renn, you have gotten your objections on the record already. Is there anything additional that you would like to put on the record?

MR. RENN: (No audio).

THE COURT: All right. In that case, we are adjourned. Mr. Brown will be transferred, and we do need to get --

Sir, will you get him assigned to another district?

MR. RINKA: And, Judge, while that is happening, I just have one further administrative matter, if I could.

THE COURT: Go ahead.

MR. RINKA: Judge, at this point the Government moves to unseal the case, I will call it the caretaker case, that we have here in New Albany under I think it's 1(sic):26-mj-00007-VTW. The criminal complaint, as well as the affidavit in support of the criminal complaint, and the arrest warrant can now be unsealed, in the Government's view, given the fact that Mr. Brown is clearly in custody.

I would also highlight for the Court that in sealing the original complaint, the magistrate judge who issued the criminal complaint and the arrest warrant in Washington included a provision in the order sealing the complaint, which

states that the arrest warrant and the orders to seal shall be unsealed upon an oral motion of the Government to this Court or to any court where the defendant is first presented, and the Government is granted for you to automatically unseal the instant matter once sealing is no longer required without further order from the Court. And that's an order signed by U.S. Magistrate Judge Matthew J. Sharbaugh on the 24th of February of 2026.

So in any event, the Government would now move to have the New Albany portion of this unsealed with respect to just that one cause number I highlighted, the 007 cause number, which includes the criminal complaint and the affidavit.

THE COURT: All right, we will go ahead and show that the case that was filed here in New Albany under file number 4:26-mj-7-VTW is going to be unsealed.

MR. RINKA: Thank you, Judge. That's all the Government has.

MR. RENN: (No audio).

THE COURT: I don't know, Mr. Renn. Anything else, Mr. Renn?

MR. RENN: No, Judge.

THE COURT: Okay. All right. Anything else we need, sir? All right. Then we are adjourned. Thank you, all.

MR. RINKA: Thank you, Judge.

COURTROOM DEPUTY: All rise.

(*Adjourned*)

* * * * * * * * * *

CERTIFICATE OF COURT TRANSCRIBER

I, Jodie Franzen, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

s/s Jodie Franzen
Signature of Approved Transcriber